Your argument this afternoon in Case 16-373, the California Public Employees' Retirement System v. ANZ Securities. Mr. Goldstein. Mr. Chief Justice, and may it please the Court, we ask you to hold that American pipe tolling applies to both of the time limits set forth in Section 13 of the Securities Act, which is reproduced in a number of places, including the blue brief at the top of page 3. The other side has a tendency to invoke the phrase statute of repose, which isn't really self-defining in the phrase, in no event when there's more going on in the statute than that, so I thought I would just start with the text. And it begins, no action, and action is going to be the important noun here, no action shall be maintained to enforce any liability created under Section 11 unless brought, and that's going to be the operative thing that has to happen within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence. The 3-year period will follow in the next sentence, but we can pause here for just a second, because it teaches a lot. We know that American pipe tolling applies to this sentence, and therefore we know a few things, and it's conceded and everyone agrees. The action is brought on the other side of page 3 of Section 13 of the Securities  of page 3 of the Securities Act, which is reproduced in a number of places, and that's what we know from that. And so what we know from that, I think, is, as American pipe tells us, that the class action complaint commences the action on behalf of the class member, and that's  And so what we know from that, I think, is that if you do not, if you file your action within one year and class certification is denied, say, at year 2, so we haven't gotten to 3 years yet, if class certification is denied 2 years afterwards, then American pipe tells us that the class action complaint commences the action on behalf of each unnamed class member, and in the wording of Section 13, it brings the action on behalf of every unnamed class member. So the class complaint in our case, which was filed within a year, brought the action on our behalf. Now, the second sentence says, and it's the one that issued the case before you, And so what happens, we believe, is that just as the action was brought by the class action complaint within one year, it was also brought within necessarily 3 years. It was brought, and it was brought on our behalf. And we don't think that there's anything in this sentence that is consistent with  complaint complaint complaint complaint complaint complaint complaint complaint with the application of something like American pipe tolling, which is an interpretation of Rule 23. If it doesn't apply here, we think, then Rule 23 doesn't work, and it's going to generate all manner of satellite litigation over what is a statute of repose and what isn't. And it will all be entirely pointless. As we understand Alito The argument that you're making is the one that you described, I think, or am I correct, it's the one you say on page 38 of your brief is the easiest way to decide this case? No, sir. This is the straightforward argument. Statute of repose argument. This is, well, I don't mean to confuse the argument relating to the statute of repose. It has nothing to do with whether the class action was still pending at the time, which is the debate over what the scope of the second question presented is. This is the argument that was presented straightforwardly in IndyMac, and it is simply the fact that under the text of Section 13, the class action complaint brought the action on our behalf. And the point that I was making is that as I understand the other side's rule, it amounts to a huge amount of just pointless paperwork, because the other side understands how this statute should operate, and that is when the class action complaint is filed, then what should happen is every class member ought to move to intervene in the action or file their own individual complaint then to presage the possibility that hypothetically some day later they might opt out and litigate on their behalf, not necessarily that they will, but that they might. And the entire point of American Pipe in interpreting Rule 23 is to stop that from happening. Has it happened in the Second Circuit? It has happened in the Second Circuit. I will so there's the Petrobras case is the best example. It was anticipated by American Pipe. The other side does point to statistics, and I have continued to look into that. The reason that the number of opt-out cases is relatively small in comparison to the body of securities litigation in the Second Circuit is twofold. The first is there are very few recent Section 11 cases, because Section 11 cases are only filed in declining markets. If the market is increasing and the price of securities is going up, then there's no point in bringing Section 11 litigation at all, because it's divined by you only to get damages if the price goes down. And the second is when the Second Circuit announced this rule in the IndyMac case, this Court immediately granted review. And so there is an amicus brief by securities and civil procedure professors who explain why it is that you haven't seen a ton of this yet. But if you announce a rule that tells lawyers like me you will only protect your client's interests if there's a class action lawsuit under something that is a statute to propose or looks like it, you will only protect your client's interest if you file your own lawsuit or you move to intervene. We will do just that. It would be a big deal. Roberts. You said you only can bring a suit if the price goes down? You can only receive damages. It's actually like what if everybody else's stock in your sector is going up 50 percent and your stock goes up 5 percent, and you think it's because of a nondisclosure? You can't bring an action? No, sir. The floor of the price has to go down in order for you to be able to recover section 11 damages, damages under section 11. And that is there are a variety of protections for defendants, but if the price hasn't gone down, then you are not going to get damages under the statute. And that's why there's almost, in recent years, there has been very little such. As a practical matter or as a formal matter? I believe as a formal matter. And that causes people, as a practical matter, not to litigate. It's no surprise. But on your point, this is an attack on statutes of repose generally. Oh, if you have a statute of repose, everybody will have to sue within three years. That's exactly the point of the statute. That's the whole reason they passed it. Sir, it is the case that the purpose of a statute of repose, we quite agree, is so that all of the possible asserted liability is filed within the period in question. And so that would be true under a variety of provisions of the securities laws, under ERISA, a lot of things. What American Pipe holds is that the class action complaint does do that. So it's very important, I think, that my friend doesn't say that they were in anywhere unaware that we had this claim against them. What they want us to do is to move to intervene in the litigation. And what American Pipe and Crown Cork and Seal and United Airlines all tell us is that we don't want to, foist upon the district judges and retired district judges who have filed an amicus brief, having to go through, churn through this paperwork of entirely unnecessary. That's clearly an argument in your favor, practically. But I think the other side has said that that second sentence is what's called a statute of repose. Whatever historically was the case in CTS, we made a big distinction and said in such statutes you cannot toll them, et cetera. And here we're not talking about the action. You may be right that when you file a class action, if it's certified, that is the action brought within the time. But here there's a second action. Your client leaves the first action. And what does he do after three years? I guess he puts a piece of paper called a complaint in a court, and that would seem to be bringing an action. And if the other side says, I'm just reminding you of these arguments because you seem to think that they haven't made arguments, they have made arguments, or you think they haven't made good arguments, all right, now, look, they say this is not, this is a strict liability statute. Underwriters, after all, have committed no sin. They haven't the right mental state. They've done nothing wrong. And in that separate later action, there might not just be a repetition, one, two, three, of what's in the class action, but three new things, four more sentences, maybe 20. So years later, they could now, what are your, please, at some point, I would like you to deal with those actions, those arguments. Gershengorn Right. So the question is, is this a separate and distinct action within the meaning of Section 13? And what American Pipe teaches is that it is not. What American Pipe says, and remember, in American Pipe you had the exact same structure. You have a time limit of one year, and then says, if it's not brought within four years, it shall be forever barred. The parallel is, we think, precise. And this is not a new action in any sense of the word. Justice Breyer, if the plaintiff, in the subsequent individual lawsuit, brings a new allegation about other securities, changes the nature of the lawsuit in any way, but all we have done is opt out and asserted precisely the same. Which has now been filed 10 years later after he left. Opted out a month before. And in that amendment, he says, this was 1,000 pages, the offering. And on page 463, there are five new sentences which have false facts. We want to put them in too. Gershengorn You're not allowed to do that under our rule or theirs. It has to be precisely the same. Breyer Precisely. Gershengorn Just to return to the, how they understand the world will operate. And that is, according to my friend, what will happen is on day one, as they understand the statute, a party like CalPERS will move to intervene in the class action. We'll file a piece of paper saying we are seeking either intervention as a matter of right or permissive intervention. Then nothing will happen. And then four years down the road, if class certification is denied, that case will start up again. The only difference between our rule, it has no practical consequence except for the fact that they add additional litigation for district courts to deal with on the front end. All the same amendments can happen.  But, Mr. Goldstein, when I see the word action, I think of lawsuit, traditionally, and claim as the claims within the lawsuit. And the law is often distinguished between actions and claims. The securities laws do, routinely. Here, why shouldn't we follow the plain language and the traditional understanding of the term action? Congress could have used claims, which is what you're saying. It's the same claims, as Justice Breyer points out, but it's a different action. Goldstein Well, can I just say first, I think we would win, even if it was lawsuit because the lawsuit that matters, what American Pipe teaches us, in terms of putting the other side on notice of the lawsuit, is the class complaint. But if you were to disagree with that, and you were to say, look, if you're going to say, if we hold that it's a lawsuit, you're going to lose, so it better not be a lawsuit. The reason here is that what Congress was concerned about was the assertion of liability. And if I could just give you a couple of examples of why I think I have to be right. Imagine that in year 4, a new plaintiff moves to intervene in an existing lawsuit. Okay. The lawsuit is on file. I don't think the other side would be willing to say, hey, you know, there's no new action here. You're free to do it. Or alternatively, imagine an ordinary bilateral litigation. I and my friend sue Lee – he probably shouldn't do this, but sue Lehman Brothers under Section 11. Okay. We have a dual complaint. And years into it, the district judge says, look, you're actually suing over different securities. I want you to break it up into two different complaints. We're going to have two different docket numbers. And so the second complaint is filed. I don't think we would say it's a new action. Roberts. Why not? Well, because it would – because the ordinary – I don't – we don't like the policy consequences, but as a matter of plain language, why wouldn't we? Oh, because it can be either one. Jones v. Bach teaches us that in some contexts it does mean the individual claim, and in some cases it means the actual litigation. I just don't read Jones that way, though. I read Jones as saying the action may contain exhausted claims and unexhausted claims, but it doesn't conflate the two terms. Well, the way I read it, and I understand that Jones v. Bach does use the word in a I think the bottom line is what you would say, is that we try and be pragmatic about what it is that Congress is attempting to accomplish when it's using a phrase like action in a limitations period. And so what I think you have to do is realize that you have not only Section 13, but you have what is, in effect, another congressional enactment in Rule 23. What you tried to do in American Pipe is to reconcile two different things that are going on. In the wake of 1933 and 1934, and lots of other statutes as well, when we modified and got away from Equity Rule 38 and Equity Rule 48 and created this class action system, is we were trying for the administration of the courts to come up with a regime in which we would have only representative litigation and not these individual suits. And the other thing I would point you to is you're not just dealing with Section 13 in securities cases in particular. And, Justice Breyer, also remember that their rule has nothing to do with strict liability. It's true about every statute of repose, which are all — if you can figure out what they are, they are all over the place. But we have the Private Securities Litigation Reform Act as well. And it teaches, I think, several important things about class and representative litigation in securities cases. Number one, we want a single representative plaintiff. We don't want all of these litigants. Number two, we contemplate that the absent class members will simply provide a notice if they believe that they should be a named party. We will not have them move to intervene, which is what we're trying to avoid. And number three, and this is really quite curious, within 90 days of the filing of the complaint, a new named party can be named — a named party and the lead litigant, without regard to whether it's after three years, the entire body of law involved. And so what I'm saying is you have to interpret this word, action, in the context of all of the law. It doesn't make any practical sense to believe that Congress would want this kind of meaningless paperwork, just these motions to intervene. In the teeth of these other regimes that surround it. Sotomayor, Mr. Goldstein, as I understand your adversary, and he'll speak for himself when he gets up, but a motion to intervene doesn't save you, because according to him, it's only a separately filed complaint that would be a separate action subject to the three-year period of repose, correct? I haven't been able to determine exactly what they believe is necessary. Sotomayor, I'm just wondering what happens to American Pipe in terms of not opting out, meaning that the court just denies the class certification. What happens to all of those cases? In normal parlance, the one-name plaintiff continues, but how about if there's 10 or 20? They would continue. In that one case? In that one case. Or would they be spun off into their own jurisdictions? If we had to, well, it depends on exactly how it came to be. And there can be very difficult questions about specific personal jurisdiction depending on where the plaintiff comes from and those sorts of things. Putting that to the side, imagine the following hypothetical complaint. It is a nominal class action with 10 named plaintiffs. If they are in the complaint, then those 10 people will go on on their own. I guess my principal point is. If class certification. I apologize. In your hypothetical in which class certification is. Yes, class certification is denied. What I'm asking, would it be the same action, or would they be spun off into different cases, because often maybe common questions are certified. And the original courts maintain jurisdiction. You can. This particularly will happen in the MDL context, in which a district judge to administer the case in front of her will direct the filing of a consolidated complaint. But it is MDL. It's only there for pretrial purposes. It's going to have to be spun off into separate complaints. At which point, I take it, given the formalism of the other side's rule, all of these actions are now untimely, and nobody has any idea why. What is it that we're trying to do here? What we know. Kennedy, your idea, the why is that your theory stems from Rule 23, correct? That American Pipe is an interpretation of Rule 23, yes, sir. And your rule, which is somewhat different from American Pipe, also comes from Rule 23, your principle. I believe, yes, we have two alternative theories. One is that our action was always on file, and I haven't discussed this. This was the question of Justice Alito. But they are both applications of Rule 23, yes, sir. But my concern is that you're using Rule 23 to create, in effect, a legal right or override a legal right, and it's very clear that rules of civil procedure do not do that. That is correct. But if we were to be violating the Rules Enabling Act, of course, our interpretation could not stand, and so I should talk about that for a moment. American Pipe confronts a quite similar argument, of course, where the other side argued. And remember, American Pipe has the parallel structure, the one-year period and a four-year period saying it shall be forever barred. And what this Court said in American Pipe and all of its Rules Enabling Act precedent is that, look, obviously there are rules of procedures that have substantive consequences. You violate the rule, then you have no more right. That's not what the Rules Enabling Act is talking about. It is not talking about a rule about when or where or how you file your lawsuit, which is what a limitations period and equally a repose period is concerned with. If I could just return to kind of the question of whether or not it would have made sense for Congress to have enacted this. And I take the point that maybe Congress, if Congress enacts bad rules, Congress enacts bad rules. But there is ambiguity in this statute, and I'm sorry.  But there is the same ambiguity in no event. Well, it's in no event what? In no event. Right. But, sir, if I could just take you to the text, because it's very rare that Congress just writes in no event. And so what it says is in no event something, okay? In no event shall any such action be brought to enforce our liability and then the three-year period. And so my point is what CTS says and what other precedents have said about statute of repose is that they prohibit the application of equitable tolling to extend the filing of the action. But what does the term such action mean? Okay. In no event shall any such action. What do you think the action, what is the definition of action in that statute? Okay. To take your first question, which is such action, we believe such action is an action that is otherwise subject to the discovery rule in the previous sentence. And that makes it make perfect sense. What Congress was doing here is saying, and this is true throughout, wherever you have these two-tiered statutes of limitation or repose, it says I've got this thing in the first sentence that's going to say there's a discovery rule. But then I'm going to say, look, you can only have so much of this. At some point we're going to have to call a stop. And so it says you're going to have an action that is subject to the discovery rule, but in no event shall such action, one that could otherwise be extended indefinitely. Remember, the first sentence, if you leave it alone, the discovery rule can go 5, 10, 15, 20 years. So in no event shall such action be brought more than three years after it's offered to the public. And what this sentence does is it cuts off the discovery rule. But even if you were to disagree with me about that and just say, no, the phrase such action just refers to any Section 11 lawsuit, we believe it refers to a claim under Section 11. And what America – the reason I started with the first sentence – Alitoso, it's enough that it's the same claim as in the class action. That is, it has to be the entirety of the claim. So to be just clear, you can't just intone Section 11. We are talking about the same securities, the same misrepresentation with respect to them. Right. That is, what I have done when I have opted out is I have taken control over an existing claim. So if a plaintiff in every single judicial district in the country had brought exactly the same claim, those would all be the same action, in your opinion? No. It's on behalf of that person. Remember, it has to be not just the existence of a legal claim in the abstract, but what American Pipe does in interpreting this idea, we have this new Rule 23 so that we have collective litigation, is it says it brings the action on behalf of the individual unnamed class member. So to be clear, if one party brings it, you know, just an individual lawsuit has brought a claim, that doesn't bring the action on behalf of CalPERS, of course. It has to be – we have to be a member of the class involved. And you think Congress had all of this in mind when it wrote, in no event shall any such action. But it thought it was also clear it didn't need to spell it out. Oh, no, sir. The reason is this. Class action practice in 1934 was quite different. Class action practice was a situation in which a representative action would be brought, and then people would opt in at the very end. This was an unresolved question. Yes. So what did Congress have in mind when it wrote this? Yes. What it had in mind was letting the other side know that the claim had been asserted against it, and that the class action does. What it wanted was a party like ANZ or Lehman to know, okay, here's the scope of your potential liability. And what American Pipe says in terms is that the class complaint tells the other side everything it needs to know, whether it's litigated on a collective basis or instead on an individual basis. And what it says is we are not going to generate all of these unnecessary motions to intervene, all of these unnecessary individual lawsuits, because we're going to interpret Rule 23 and these Federal statutes together. And so if I could just give you an illustration from your own docket. Imagine that you were presented with a hypothetical Supreme Court Rule 100, and you were, as a docket management measure, trying to figure out how many cert petitions were going to be filed. And the rule said, if you want to be able to file a cert petition within one month of the court of appeals decision, you shall file a motion for leave to file a cert petition. Now, you're not promising to file a cert petition. You don't have to file a cert petition. All you're going to do is let us know by making us act on this worthless motion. Nobody would think that that was a sensible thing to do, because it would accomplish nothing other than giving you, just like this would only give the district courts additional work. Kagan. Mr. Goldstein, could I ask you to speak to this question of your alternative theories, because in your briefing, the non-tolling theory, if I can call it that, took pride of place. But you haven't really spoken in those terms today, so what am I to make of that? Oh, nothing. I just think our the we have two very good arguments. The other argument that we make, and I have also just tried to avoid the complication of what's in and out of question two. You all will know the answer of what you intended when granting cert more than we will. But I think that if you were thinking in terms of tolling, then there has to be a gap in time in which there is a distance between when the first action ended and the second action began. That is why you would need to toll something, to fill in the gap. And when you have a case like this one, when all we have done is take control of our own action, it's very hard to see why we need tolling at all. The other thing that's quite important is that here we do have something concrete in law that we are exercising, and that is our Rule 23 right to opt out. You don't have to wonder about this as a constitutional matter or not. We do have the right to opt out and take control of our lawsuit, which is what we did. And so I don't understand how it is, unless Justice Kennedy's argument were to be played out and we were to violate the Rule 23, to everyone's surprise, violates the Rules Enabling Act in its core application of an opt-out right. In that situation, all that has happened is that we have different lawyers. We are going to litigate this on our own. Nothing more is required in terms of tolling. And that seems a very straightforward way of resolving this case on their own. Kennedy, it's not necessarily a question of violating Rule 23, it's using Rule 23 to create a new legal right. That's the difference. Well, if we were to do that, I quite agree, Justice Kennedy. I have never resisted the proposition that if Rule 23 were to be violating a substantive right of theirs or create a new substantive right, it could not be interpreted that way. My point is this. You have, we think, at the very least, statutory language that can be read either way. And the way you deal with that problem is to reconcile the two of them. There's no reason to create a conflict between the opt-out right in Rule 23 or all of the policies. Breyer, but you need tolling. You don't need it, perhaps, on your second theory. Yes. If we take your second theory, we have to read the words, be brought, to mean something like deemed to have been brought when, but, something like that. But that won't solve the practical problem you raised, because there will still be cases in which class certification is denied after three years. And all these practical problems will then exist, won't they? They will, because we have to work. And we need tolling in order to stop that. I don't believe so. And let me just say that the phrase tolling here is misleading, and if I could answer this question and reserve the balance of my time, both United Airlines and the Chardon case consider the question, does tolling mean suspend the statute of limitations? And it says, no. United Airlines is a case in which the motion to intervene didn't happen, not after class certification, but after judgment at the end of the case. And the Court said, you don't have to just use up the remainder of the limitations period. And Chardon is a case in which it was a 1983 class action, and the Court said, no, no, no, no, tolling here doesn't mean just suspend the running of the limitations period. It just means you have satisfied it and you're not going to be deemed untimely. The tolling effect in the 1983 context is provided by State law. If I could reserve the balance of my time. Roberts. Thank you, counsel. Mr. Clement. Mr. Chief Justice, and may it please the Court. Section 13 of the Securities Act and its 3-year time limit plainly provides a statute of repose. This Court said as much in Lampf and the two-tiered structure and emphatic in-no-event language admits of no other conclusion. How about the Clayton Act that was at issue in American Pipe? That doesn't say in-no-event, but it did say, what was the language, forever barred, if not commenced within 4 years? That's right, Justice Ginsburg, but there's three reasons why the 3-year time limit in Section 13 is a statute of repose. One is the in-no-event language that is emphatic. Two is the two-tiered structure. And three is the legislative history. Now, if you contrast that with the Clayton Act at issue in American Pipe, there we can quibble about whether the language was as emphatic, but importantly, that language itself was suspended or tolled if there was a government enforcement action. And what this Court held, at least as I read American Pipe, is that we know that was a statute of limitations because it was subject to tolling in at least one circumstance. And what this Court said in the Waldberger case, of course, is when you have a time limit that's subject to tolling, that's a hint that it's a statute of limitations because the defining feature of a statute of repose that makes it different from a statute of limitations is that it's not subject to tolling or estoppel. And since American Pipe was emphatically a rule of tolling, the Court used the word tolling rule, toll, tolling, more at least a dozen times in the opinion. That tolling rule simply does not apply to a statute of repose like Section 13. And I think that's why it's not a statute of limitations. Ginsburg. The other use is in no event. How do we know whether it's a statute of repose? Well, I think you have to perhaps read beyond those particular words, and I think if you read beyond those words in the Clayton Act, you get a textual clue that this is a limitations period because it says that it's subject to tolling if there is a government prosecution. If you continue to read in the context of Section 13, you would find the two-tiered structure of the statute, which this Court in Lampf said could only be explained with the longer time period being a statute of repose. And then if you were to finish the point, if you were inclined to go further and look at legislative history, then you would look at American Pipe where this Court said the legislative history was silent. And here, the legislative history strongly supports the notion that the 3-year time limit is a statute of repose, because as originally drafted, it was a 10-year statute of repose. And Congress specifically looked at it, specifically looked at the two time periods, said that the second time period was there to protect the defendants, and then shortened it substantially in 1934. The two-tiered structure can be where the second tier just cuts off the discovery rule. So that would perfectly well explain the two-tiered structure just as that. It's like, yeah, usually it's one year after discovery, but if you discover it 5 years later, that's too much. So it just cuts off the discovery rule, and that's the only thing that the two-tiered structure means, perhaps. Clements. I don't think that's right, even if you were writing this opinion on a clean slate. But of course, you're not writing on a clean slate. This Court looked at this specific provision, along with some other provisions in the Exchange Act, in deciding the Lampf case, and it said that the 3-year period was a statute of repose, not that it just cut off the discovery rule, a statute of repose. And we know that because in Lampf itself, this Court considered an equitable tolling argument, and it rejected the equitable tolling argument precisely because the 3-year limit was a statute of repose. Now, I suppose my friend on the other side could quibble that there was multiple provisions at issue in Lampf, but if you actually look at them, there's section 13, and then there were two provisions from the 1934 Exchange Act, and the Lampf language from the 1933 Act, section 13, that's at issue here, is the most emphatic. The other two have the two-tiered structure, but don't say in no event. Kagan. I suppose one question is what exactly have we meant when we say a statute of repose. And we've certainly meant something different from a statute of limitations. But I think what we were talking about in Lampf was the cutoff of the discovery rule. It sort of didn't matter whether your claim was going to accrue in the normal way consistent with the statute of limitations. At some point, we were going to cut it off. And that's what we meant when we said statute of repose, as opposed to some term that cut off a variety of claims that just weren't before us and that we weren't thinking about. Well, Justice Kagan, if I could beg to differ. I think if you go back and read the very last section of the Lampf decision, it's where it specifically rejects an equitable tolling argument on the basis that this, the second tier of the statute is the statute of repose. So it wasn't just talking about a discovery rule. And frankly, if you go back and think about the context of Lampf, it was a pretty decent equitable tolling argument, because up until that point, basically every Federal court that looked at it thought that the State law provided the statute of limitations. And only very late in the game did this Court come around and say, no, actually it's a Federal statute of limitations, and it's much shorter than everybody expected. So in the cosmic scheme of equitable tolling arguments, it seems like the parties that relied on the applicable State statute of limitations had a darn good equitable tolling argument. But this Court would have none of it. Ginsburg. But this is American Pipe, at least as many interpret it, is not an equitable tolling provision. Well, Justice Ginsburg, on at least two occasions with the State statute of limitations it doesn't differ. We don't ask about good faith, and it's not tailored to the individual case. It says when you start the class action, that's it. That's the critical thing that must be timely. Well, Justice Ginsburg, let me give you two responses to that. First, on at least two occasions when this Court had a reason to label it one way or another, this Court labeled the rule of American Pipe as a rule of equitable tolling. So that's one way of answering it. But the second thing is, with all due respect, I think that your effort to say that this is the American Pipe is not equitable tolling is built on a mistaken premise, because and it follows directly from the argument my friend on the other side made, which seems to flow from the premise that in order for it to be equitable tolling, it has to take into account all the individual circumstances of the case. And as this Court said in Waldberger in talking about equitable tolling, two of the categorical rules, infancy and essentially lack of mental competence, those are two equitable rules for when a statute of limitations are tolled, and they're equitable rules. I think the equitable rule that this Court established in American Pipe and why it was right on two occasions to refer to it as a rule of equitable tolling, is that if you were a member of a timely commenced class action, you have an equitable basis to toll the statute of limitations. I think it's as simple as that. They didn't look into other circumstances because they didn't need to. They had a sufficient basis for equitable tolling. Sotomayor, I'd like to go through the practical consequences, okay? Clement, so let me start with the simplest one, okay? The class action motion is filed. The Court dismisses it saying, wrong venue. This should have been in California instead of New York. Under your theory, because a new complaint is filed in California, that statute of limitations or that statute of repose starts to run from the filing of the new complaint, not the old one? Clement, I don't think so, Justice Sotomayor, for the following reasons. There is a rule that says if you're in the wrong venue, there's automatic tolling, but you're saying that that rule would not apply in that circumstance. No, but as I understand the Federal procedure, and, you know, this is based on sort of background understanding, so I could have it wrong, but as I understand it, in the Federal system, if you're in the wrong venue, you can transfer the action. You don't have to file a new one. You can ask for it, but it's still within the judge's discretion whether to transfer or dismiss and let you file a new. Yeah. Well, and so I would think that certainly if there were adverse consequences for part of the class in that situation, you would transfer it. Sotomayor, action means new complaint, new complaint number? Sure. New complaint initiated with a, you know, a summoned. Even though it's asking for the same relief? Absolutely, Your Honor. By the same party? Absolutely, Your Honor. And this Court All right. So that means motions to intervene won't help if the class is ultimately denied? I don't take that position, Your Honor. I think a motion to intervene, and I think we know this from American Pipe, the motion to intervene makes it an individual action on that party's behalf that would survive. So what happens when the complaint is denied? Those individual All of those individual complaints, most of them are not transferred. They're spun off into new complaints in whatever jurisdiction has venue over them. Well, again, as long as the – I think it's really a simple way to look at this that I think answers all these questions. You ask at the end, is the party seeking to recover based on an action that was timely filed? That's why this is a simple case, and it's why my friend does need a rule of tolling or some kind of super strong rule of relation to that. So what's an opt-out? What's that? Why couldn't – could the judge have – or can a judge who has a class action and tells people, if you opt out, just file a motion to intervene? Under your theory, why can't they do that? Because the motion to intervene, if I'm following – they can file the motion to is the motion to intervene timely. And so in American Pipe, for example, which dealt with a statute of limitations, not a statute of repose, there were those individual motions to intervene. Now importantly, the court in American Pipe did not say, all of those motions to intervene are timely because the class action actually filed the action for them. That's not what American Pipe held. American Pipe held, all right, we're going to examine the timeliness of those individual intervention actions, and we are going to deem them timely because we're going to apply a tolling rule. And they were told for the period that there was a class action that covered the claim, the individual claim. That's why my friend, who desperately doesn't want there to be a tolling rule, is absolutely misreading American Pipe. American Pipe was a tolling case. It looked at the circumstances of the individual cases. It focused on the fact that they were filed within five or eight days of the denial of class certification. None of that would have been relevant if somehow metaphysically. Sotomayor, even if that's what American Tolling did, now that we're looking at the language of the statute and looking at Rule 23 and what the substance of the statute is, why is his reading irrational? If you're not relying on American Tolling, he's not, he's relying on the language of the statute and the language of Rule 23. And here's why his argument doesn't work on the text of Section 13, and it's very straightforward. If he's, he is not seeking to recover based on a timely filed class action. He is seeking to recover millions of dollars from my client based on an action that they filed in the Northern District of California in 2011, more than three years after these securities were issued to the public. That is the action they're seeking to recover. That is the action to which you would apply the plain text of Section 13. And I'm sorry, 2011 is too late under the plain terms of the statute, and it is a statute of repose, and the case really is that simple. Kagan. Well, you're suggesting we, there's only one view of the word action, and the case stops there. And perhaps that's right, but let's say it's not right. Let's just suppose that action is a word that sometimes it's used one way and sometimes  it's used another way. And if you're going to do that, you're going to have to look at the consequences of what you're doing. And it seems as though, and tell me if you think this is wrong, that the consequences go something like this. If we go your way in this case, any future suit like this, all large investors, the kind of investors, CalPERS, CalPERS is not going to make this mistake again. CalPERS is going to file a protective action for itself, and then it can do what it wants. Opt out, don't opt out, wait and see, whatever. Well, small investors are not going to do that. They're not going to have the faintest idea that they should be doing that. So this is a rule that's kind of guaranteed to create make-work for district courts to be essentially irrelevant for large investors and for small investors to lose their claims. Well, so, Justice Kagan, I mean, you know, let me just put a pin in the idea that I don't think there's any way to get to the textual result that action just ends plainly like that. No, no, and I think there are good textual reasons for that. But let's put a pin in that. Maybe I'll get back to it. Maybe I won't. To address sort of the sort of parade of horribles, I mean, there's a couple of points I'd like to make about that. I mean, one is, I can imagine that where you might think that if this were IndyMac and we had no experience with the rule, but we've had, you know, almost four years of experience with this rule in the Second Circuit. Now, there might be some context where you'd say three and a half, four years isn't that long, but there are lots of securities class actions in the Second Circuit. And despite what my friend says, it's not like every stock in the index has gone up over the last five years. You know, some of them have gone down, you know, the rising tide hasn't lifted every stock. And also, this whole issue of IndyMac also applies in 10b5 actions where you can bring those regardless of whether the market's rising or falling. So take the year 2014 in isolation. There were 63 class actions settled in the Second Circuit in the year 2014. There were exactly zero opt-outs, zero out of 63 class actions in the IndyMac world. Breyer. What you have to do to get to his thing, I agree, to get to his result, I agree with you this far, you have to read those words, any action be brought. And what they mean is the action was brought. It was brought when they filed the class action, whether denied class certification or not. That's when it was brought. And this is the same action. It is not a different action. It is the same action. It is the same action because, one, the same words, because, you know, we go through a list, and moreover, brought within a reasonable time. Why interpret those words in the way I just said? The reason why is because it is the same action. The other reason why is because you will, even if not so far, discover that people do want to protect themselves and will do so, whether they are big or small, they will. And therefore, let's imagine a class action involving 300,000 potential plaintiffs in the class. And imagine you are the district judge. And imagine 300,000 pieces of paper coming across your desk. We will have to build a new clerk's office. I mean, you see, that's the way their argument goes, I think. I think. I think that's the way it goes. Now, I'm a simple-minded person. I would not get past the first step of that argument because I would say they are seeking to recover on an action that they voluntarily filed in California when the rest of this class action was going on in the Southern District of New York, and it's just not the same action. So you would lose me at step one. But if you got to the policy arguments, I would really, if I were, you know, trying to, like, really twist the statute in a way that I think doesn't comport with its basic test, I would need different empirical data than we've gotten from the Second Circuit. And to get back to Justice Kagan's point — But we do have — we do have two briefs, one by retired Federal judges, one by law professors, tell us that, inevitably, you are going to have people filing to intervene. And in that respect, assuming that you're right, so that the people who don't intervene within the 3-year period are out, does lead counsel have an obligation to inform everyone in the class that if you don't file a separate action of your own or intervene in this one, you are going to be out? So two things, Justice Ginsburg. I'll answer your final question first, which is to simply say I don't think lead counsel has that obligation. But let me also, just in specific reference to the two briefs you've mentioned, it's worth going back to the IndyMAC docket and looking at the amicus briefs filed there, because those same two amicus briefs were filed, some law professors, some retired judges. And they made the same prediction back then. And it turns out it's absolutely not borne out by the experience in the Second Circuit. Now, why is that? Well, as Justice Kagan pointed out, the reason that lots of small investors don't file their own intervention actions or separate actions is because it's just you know, for them it's a class action or nothing. And so, you know, they have to essentially rely on the class action device. The reason that the institutional investors haven't done it is because they're not that worried about timeliness in lots of cases, though there are some cases where they are worried about either the quality of the class counsel or some other counsel has gotten to them and convinced them that they're going to do better if they file a loan. They file a loan. They're not worried about timeliness because they're relying on the class action. Exactly. And if they stay in the class action, there's no timeliness problem. They get to recover. So all our rule does is make somebody who wants to go it alone, they have to make that decision within three years. It puts tremendous pressure on the opt-out right, right? But we're used to thinking that the opt-out right is a very important part of class actions. It's what saves them from a due process problem, that people actually do get to say I don't want any part of this. And you're saying they only get to say that within three years, which may be not within three years of the time the suit was brought. It may be six months of the time the suit was brought or one month or something like that. And, you know, if you haven't decided within that month or six months that these lawyers are not doing a good job, you've lost your ability forever to do it for yourself. Well, I guess I sort of there's a couple of points I'd want to say about that. I mean, even if you don't opt out, you haven't lost the ability if you think the class counsel aren't doing a good job. You have the right to object to the settlement. And if you really care about individual investors. All power to you. But, you know, a lot of those settlement hearings are awfully tough. Well, they're tough, I suppose, because everybody's all in the same team. But if we create an incentive where the CalPERS of the world are actually going in there and actually fighting for a better settlement for the whole class, I mean, that's a world where actually the small individual investor is going to benefit. But Rule 23 did not want that to happen. Rule 23 wanted to allow people to opt out rather than to be confined in the suit for the entire pendency of the suit and then to start fighting the outcome at the last moment. Well, two points, Justice Kagan. First of all, whatever Rule 23 wanted, the PSLRA actually wanted large institutional investors to stay in the class. They actually have preferences for them as the lead plaintiff precisely on the theory that it's going to rise, that all boats will rise with the institutional investors. So whatever happened in Rule 23, I think in light of the PSRA, this is actually a better result. But as to the opt-out right, the opt-out right gives you a right not to be bound by a judgment that you had no business in procuring. It doesn't guarantee that you're going to have a viable individual action to opt into. Now, there still may be reasons why an individual investor or an institutional investor wants to opt out. It's not much of an opt-out right. Go ahead, opt out, but you can't bring your own claim. But look at what happened with the petitioners in this case. I mean, they opted out. I used scare quotes because they filed their individual action before class certification, so they, like, pre-opted out. But they opted out, but they still preserved 10b-5 claims, which have a longer statute of repose, and they proposed, they pursued some other claims. Other plaintiffs could pursue State law claims. So it just, if you opt out of a claim that's subject to a three-year statute of repose and you haven't brought an individual action before then, then you do not have a timely action subject to that statute of repose. But that's the purpose of a statute of repose. And from the perspective of a defendant, if you are facing just a class action and the time of repose passes, then you know you're going to be able to get essentially global legal peace if you settle the class action. If, on the other hand, you face that big class action and then two or three of the big institutional investors opt out and file their own individual actions, then you're going to know that you can't get global legal peace. In the class action, you're going to have to pay sort of a holdout premium to those institutional investors. Now, if those institutional investors file before the statute of repose goes out, then that's tough. That's life. But all of the policies of the statute of repose are implicated when you're in a situation where, after three years, you're no longer facing just a class action where you can get global legal peace, but you're also facing an opt-out right, especially where the opt-out is a big institutional investor. And the whole reason they've opted out is to get a better deal than the class. And that's why, you know ----  And one of the purposes of the Federal rules is that the litigants should know what they're facing. And there's all kinds of notices that have to be sent for class actions, and yet you tell me that there's no obligation of lead counsel or the court, I assume, when in three years the time is running to tell everyone in the class, now either you bring an individual action or intervene in this one. Otherwise, you'll never get a penny. I don't think there is that obligation, Justice Ginsburg. I think it's based on the theory of the class action, which is that you're only going to have a class action if the class representative is an adequate representative of the entire class. And you're only going to approve a settlement under Rule 23E if it's fair and reasonable for the entire class. I think that's where the protections are built in for the class. And it bears emphasis that nothing in the rule that we are proposing is going to prevent anyone from recovering from a timely filed class action. It's only when somebody wants to go out of the class action and get themselves a better deal that they have to have a timely action to get the better deal. If they do, then my clients don't have a statute of repose. But if in a case like this in 2011, even before a class certification decision is being made, they decide, you know what, we're going to be better off if we file our own action in the Northern District of California. It's a bit rich for them to say, okay, even though we've decided to file our own action for our own reasons because we think we're going to be better off, we still get the benefit of the timeliness of the class action that we're essentially pre-opting out of. And magically, they think they get the benefit of that without even applying tolling or some kind of relation back doctrine. Now, I don't think that works in the text of the statute. I don't want to get into a debate about what Question Presented 1 has and Question Presented 2 is, but it's worth remembering that even if you somehow think you can maybe interpret Section 13 to encompass this theory, I mean, there are other cases. This case had this Court had four petitions in front of it. None of the other three petitions invoked this issue in the context of Section 13. The other two of them were 10b-5 actions. One of them was an implied statute of repose provision. So you're going to have to take one of those cases to grant the question that I thought you granted this case to decide, which is, as a general matter, can American pipe tolling override a statute of repose? I think the answer to that question, the question that my friend really doesn't want to spend much time talking about, is no. A statute of repose means repose. Its defining feature is that it's not subject to tolling or estoppel. Roberts. Robertsperoip, You have repose under his theory in the sense that you know what people are suing you about. You're still facing a lawsuit in the other case. There aren't going to be any more surprises. You know what's on the table. That's repose. Repelled can also mean in your sense that everything is done. You're not going to owe anybody anything. But we know that's not the reason, because if you bring your claims within the period, that can extend for 15 years, however long these litigations take. Clements, Well, Mr. Chief Justice, I think that both Waldberger and the text of Section 13 tell you what repose a defendant gets. It gets no new actions. That's the repose it gets. If an action is filed before the time deadline, then of course it's going to be subject to liability under that action, even if it takes another couple of years for that to run its course and be resolved. But you are not subject to additional liability under actions that are filed after the period of the statute of repose. And that seems like a very reasonable compromise. Robertsperiup, I'm not just – it seems uncertain whether you're being subjected to new liability. I mean, the liability is the same if you have the class action including CalPERS, and as it is if you then have – you're facing the class action without CalPERS, but another CalPERS suit. I'm not sure that that increases your liability. Clements, Well, I'm absolutely sure that it increases my liability, and so are my clients, Mr. Chief Justice, because they know from experience that the only thing worse than having a class action against you is having a class action and some individual actions against you, because then you've got to pay to settle the class action, and then you have to pay – Roberts, But at least – I mean, it requires perhaps more management and scrutiny by the district judges than is possible, but, you know, theoretically, if a big chunk of the class is out, you're not going to pay twice for that, right? Clements, No, but it typically – and especially in securities class actions, it's not a big chunk that's out. It's a handful of institutional investors who are able to use the fact that they've opted out for additional leverage to get a better settlement than they would get in the class. Now, that works against the principles of Rule 23 in the PLSRA, but there's nothing my clients can do to stop it if those individual actions are filed in a timely fashion.  I would respectfully suggest that that fully implicates the policies behind statutes proposed generally and the text of this statute. And then I do think that gives you a very easy way to essentially decide this case, which is to just ask the question, is the action that they are seeking to recover millions of dollars on one that was filed within three years of the public offering of the securities at issue here? And it was most certainly not. It was filed in the Northern District of California in 2011, more than three years after the securities were issued. And the only way they can make that action timely is to point to something else that was timely filed. Now, at the time that they opted out, because the class wasn't even certified, that action over in New York, there weren't even a party to it under Smith v. Bayer and standard fire. So maybe they can get the benefit from some super tolling rule or some super concept of relation back. But those are two things that you don't get to use to impose new liability in the face of a statute of repose. I don't think ultimately whether you call it equitable tolling or not matters much. This Court in Waldberger said the defining feature of a statute of repose is they are not subject to tolling or estoppel. It didn't use equitable tolling as a modifier. And of course, as we've discussed, or it was discussed, if this rule is something other than a rule of equitable tolling and is a legal rule, then the Rules Enabling Act problem is front and center. Because we have a defense under Federal statutory law. It's a substantive defense under Waldberger to not have new liability, new actions filed against us in over three years. If the only thing that trumps that is a judicial construction of Rule 23, there's a Rules Enabling Act problem. At the end of the day, I think the path for deciding this case is very clear. Section 13 is a statute of repose. This Court said as much in Lanth. Statutes of repose are not subject to tolling. This Court said as much in Waldberger. There's simply no basis to deviate from this Court's precedents. Thank you. Roberts. Thank you, counsel. Four minutes, Mr. Goldstein. Goldstein. Thank you. Two basic points. The first is I don't believe that the statute could be functioning as the Respondent suggests, because their point is, look, as the Petitioner see it, after the class certification is denied or there's an opt-out period, then they'll have these individual lawsuits spin up and, whoa, we didn't expect that at all. But the world that they want is exactly the same. It just involves more paperwork. What they want us to do is to intervene in the class action on day one and then do nothing and sit back. And when we eventually would otherwise intervene, then spin up our lawsuit. Nothing will have been gained. They won't be on any more notice. American Pipe explains, and particularly in the context of Section 1 when you're talking about bonds that they issued, they knew that we are out there. All that we didn't do was to file our own complaint to get stayed or our own motion to intervene to just take up the district judge's time. And then later we would proceed on the exact same lawsuit. So there's no additional surprise at all under our rule. All there is is perhaps is trap for the unwary. Then, if you are trying to understand what action means, and it can mean different things in different contexts, we have to realize that we have a body of law here. We have not just Section 13, but we have Rule 23, which contemplates that we have the right to notice and the opportunity to opt out, not into the vacuum of space, but into our timely filed, initiated by the class action, and thus far meritorious action. And second is I do believe the other side profoundly misunderstands the Private Securities Litigation Reform Act, the entire point of which was to not have a bunch of parties in there litigating on their own. It doesn't contemplate that a bunch of institutional investors will be out there. It contemplates that there will be one. It's called the lead plaintiff. It contemplates that other parties might try and become the lead plaintiff by submitting a notice, not by moving to intervene. It contemplates that a new lead plaintiff could be named after the expiration of three years. What happened here is this. The statute is written in bilateral terms. Later on, 30 years later, we get Rule 23. We have to figure out how to make the two of them work together. What we know is Section 13 wants them to be on notice of the claims against them. American Pipe says, okay, you know that from the class action complaint. Rule 23 then says we want a representative party. We don't want to take up the district judge's time. That's the whole point of the rule. The way you put those together is to say that the class action complaint in the passive voice brought the action on our behalf, and then we just took control of it when we opted out. Everything makes sense, and the judiciary, which is what's being protected here, not in the equitable interest of us, but your district judges, all their interests are furthered together. Thank you. Thank you, counsel. The case is submitted.